# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 1, 2009

Charles R. Fulbruge III
Clerk

No. 08-60688
Summary Calendar

DANNY COMER; KATHY COMER

Plaintiffs - Appellants

v.

DAVID LINDLEY, Individually; CITY OF STARKVILLE, MISSISSIPPI

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:06-CV-299

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Danny Comer ("Comer") appeals the grant of summary judgment by the district court in favor of the City of Starksville, Mississippi and David Lindley ("Lindley"), the Starksville Chief of Police. Before us are claims against Lindley, individually, for false arrest and imposing excessive bail under 42 U.S.C. § 1983, and a claim against both Lindley and the City for malicious prosecution under Mississippi state law. Kathy Comer also brings a derivative loss of consortium

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claim.

Many of the facts are not in dispute. Comer was hired by Shelia Riekhof to perform certain home repair work. A dispute arose about the work being done and Riekhof felt that she was being scammed. Riekhof called Lindley, her neighbor and the Chief of Police, for advice, and Lindley advised her to file a report at the police station. She subsequently did so. A detective was assigned to the case, police tape was put around Riekhof's residence, and the District Attorney had Riekhof execute an affidavit alleging that Comer had committed the crime of false pretenses.

The evidence was presented to a judge, who signed a warrant for Comer's arrest. Comer turned himself in on August 18, 2003. Denied the ability to post a property bond, Comer instead had to post a cash bond. He was released that same day. On October 30, 2003, the case was dismissed after the police department refused, allegedly on the advice of the District Attorney, to turn over their reports and files to Comer.

On January 26, 2004, a grand jury indicted Comer for the crime of false pretenses. He was arrested by the Oktibbeha County Sheriff's Department—which is not a party to this suit. The charges were not pursued by the District Attorney, who filed a Nolle Prosequi on November 3, 2005. Comer filed this action against Lindley and the City of Starksville on November 2, 2006.

"We review the district court's grant of summary judgment *de novo*." *Fahim v. Marriot Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

2

For the following reasons, we affirm the grant of summary judgment.

1. "Where an arrest is made under authority of a properly issued warrant, the arrest is simply not a false arrest." *Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir. 1982). Comer makes conclusory allegations that because the indictment was ultimately dismissed, the judge must not have been told all of the relevant facts. But the dismissal and non-disclosure of evidence happened after the arrest, and Comer does not raise any issues of material fact as to whether the warrant was "properly issued." His false arrest claim fails.

2. The forum state's personal-injury statute of limitations is applied to § 1983 claims. *See Wilson v. Garcia*, 471 U.S. 261, 280 (1985). Mississippi has a three-year limitations period. MISS. CODE § 15-1-49(1). Bail was allegedly denied on August 18, 2003. This suit was not brought until November 2, 2006. Comer argues that he was arrested again within the three-year statute of limitations period, but the only alleged denial of bail occurred before that period, and his later arrest by County officials does not toll or extend the limitations period. Comer's excessive bail claim is thus barred by the statute of limitations.

3. One of the requirements for malicious prosecution under Mississippi law is a "want of probable cause for the proceedings." *McClinton v. Delta Pride Catfish, Inc.*, 792 So.2d 968, 973 (Miss. 2001). "Probable cause is determined from the facts apparent to the observer when the prosecution is initiated." *Benjamin v. Hooper Elec. Supply Co.*, 568 So.2d 1182, 1190 (Miss. 1990). Comer has provided no evidence that the judge or jury did not have facts necessary to establish probable cause when the warrants were issued. The fact that these charges were dismissed or not pursued is not enough to raise a genuine issue of material fact as to probable cause.

3

Comer's malicious prosecution claims against Lindley and the City thus fail.

4. Kathy Comer's loss of consortium claim is derivative of her husband's cause of action. MISS. CODE § 93-3-1. Because we affirm the grant of summary judgment on all of Comer's claims, the loss of consortium claim also fails.

AFFIRMED.